Woodrow Wilson PREACELY,
Plaintiff–Appellant,

v.

SCHULTE ROTH & ZABEL,
Defendant–Appellee.

No. 00–9476.

United States Court of Appeals,
Second Circuit.

Aug. 29, 2001.

Woodrow Wilson Preacely, New York, NY, pro se.

Holly H. Weiss; Ronald E. Richman, Laurie C. Malkin, of counsel, Schulte Roth & Zabel, New York, NY, for appellee.

Present CABRANES, STRAUB and KATZMANN, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of said District Court be and hereby is AFFIRMED.

Plaintiff Woodrow Wilson Preacely, appearing *pro se* and *in forma pauperis,* appeals from the District Court's grant of summary judgment in favor of defendant Schulte Roth & Zabel ("Schulte") on August 29, 2000 following oral argument. Judgment was entered on September 11, 2000, and this timely appeal followed.

Preacely was fired from his job as a part-time, night-shift, legal word processor only four days after beginning work, ostensibly for making his co-workers feel uncomfortable and unsafe by drawing pictures of assault rifles, cursing, and making inappropriate sexual comments. Preacely nevertheless contends that defendant's stated reasons for terminating his employment are merely pretextual, as Preacely's discharge was actually motivated by unlawful discrimination on the basis of his sex (male) and national origin (Black American) in violation of Title VII, 42 U.S.C. § 2000e *et seq.,* as well as his physical disability (stuttering) in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq.* ("ADA").

■ After reviewing the grant of summary judgment *de novo* and drawing all reasonable inferences in Preacely's favor, *Tenenbaum v. Williams,* 193 F.3d 581, 593 (2d Cir.1999), we find that summary judgment was appropriate, because Preacely has offered no evidence upon which a reasonable trier of fact could infer discrimination. *Schnabel v. Abramson,* 232 F.3d 83, 91 (2d Cir.2000). A Title VII plaintiff may fulfill his initial burden of making out a *prima facie* case of discrimination by showing: "(1) membership in a protected class; (2) satisfactory job performance; (3) termination from employment or other adverse employment action; and (4) the ultimate filling of the position with an individual who is not a member of the protected class." *Farias v. Instructional Sys., Inc.,* Nos. 00–9045(L), 00–9135(XAP), 259 F.3d 91, 2001 WL 867904, at *4 (2d Cir. Aug. 1, 2001); *accord McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). Preacely failed to make a prima facie showing of discrimination because the undisputed facts provide no support for an inference that Schulte terminated Preacely because of his gender or national origin. The record does not substantiate Preacely's assertions that Schulte preferred employing Carribean-American females or that he was replaced by such an individual. *See Goenaga v. March of Dimes Birth Defects Found.,* 51 F.3d 14, 18 (2d Cir.1995) ("The opposing party's summary judgment may not rely simply on conclusory statements ... or upon the mere allegations or denials of the adverse party's pleadings.").

■ Even if Preacely had established a *prima facie* case, Schulte has provided ample evidence of a legitimate non-discriminatory reason for discharging Preacely: his violent drawings and inappropriate sexual comments to co-workers. *James v. N.Y. Racing Ass'n,* 233 F.3d 149, 154 (2d Cir.2000). Preacely has failed to present sufficient evidence to show that this non-discriminatory reason is pretext for discrimination or that some other prohibited factor also prompted Schulte's actions, thereby making summary judgment in favor of Appellee inappropriate. *Price Waterhouse v. Hopkins,* 490 U.S. 228, 247, 249, 109 S.Ct. 1775, 104 L.Ed.2d 268 (1989); *Cronin v. Aetna Life Ins. Co.,* 46 F.3d 196, 203 (2d Cir.1995).

■ In addition, Preacely failed to establish a prima facie case of disability dis-

crimination, because the facts do no support his claim that he is disabled or an inference that Schulte terminated Preacely because of a disability. *Greenway v. Buffalo Hilton Hotel,* 143 F.3d 47, 52 (2d Cir.1998) (applying *McDonnell Douglas* framework to ADA claim). Far from demonstrating that he suffered from any impairment that limited a major life activity as required under the ADA, Preacely admitted that his stutter was neither a physical nor a mental disability; and that it did not interfere with his ability to work or talk. Moreover, we decline to consider Preacely's claim that he suffers from hypertension because it was not raised below. *Albert v. Loksen,* 239 F.3d 256, 265 (2d Cir.2001) ("This issue was insufficiently pursued below to require us to hear it on appeal."); *Gurary v. Winehouse,* 190 F.3d 37, 44 (2d Cir.1999) ("Having failed to make the present argument to the district court, plaintiff will not be heard to advance it here").

Finally, the District Court did not abuse its discretion in finding that most of Preacely's audiotapes and corresponding transcripts were neither relevant nor sufficiently probative where, after a hearing, the court determined that it would be a waste of time for a jury to listen to every conversation Preacely had with Schulte employees. *Perry v. Ethan Allen, Inc.,* 115 F.3d 143, 150 (2d Cir.1997).

For the reasons set forth above, the judgment of the District Court is hereby AFFIRMED.